IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Eugene Williams,<br>    Plaintiff, | )<br>)<br>)     1:12cv970 (GBL/JFA) |
| v. | )<br>) |
| Officer Tweed, et al.,<br>    Defendants. | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Eugene Williams, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated by deliberate indifference to his serious medical needs. Plaintiff has applied to proceed in forma pauperis and has moved for appointment of counsel. After reviewing plaintiff's complaint, the claims against the defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim,[1] and the pending motions will be denied as moot.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

Until recently, plaintiff was confined at Norfolk City Jail. Plaintiff alleges that on June 11, 2012, he injured his ankle when he slipped and fell on the floor of the gym. Compl. unnumbered page 1. Plaintiff reported his injury and received pain medication on the evening of June 12 and the morning of June 13. Id. On the morning of June 14th, plaintiff saw a nurse, who wrapped plaintiff's ankle in an Ace bandage and determined that plaintiff should move to the medical housing unit. Id. at unnumbered page 2. On June 15, an x-ray of plaintiff's ankle revealed that it was broken. Id. Plaintiff alleges that the doctor put on an "unprofessional" cast, about which he complained to a nurse on June 16. Id. After the nurse informed plaintiff that she could not remove his cast because he had showered with it, plaintiff submitted a complaint on June 20. Id. On June 22, a doctor removed the cast, and plaintiff alleges that his "foot was cut and burned by cast saw." Id. Another x-ray was taken on June 27, and plaintiff was transferred from Norfolk City Jail to Hampton Roads June 28. Plaintiff asserts that, as of August 24, he has not seen a doctor about his ankle again despite repeated requests. Id. at unnumbered page 3.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, Id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III. Analysis

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir.

3

1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

Here, assuming arguendo that plaintiff's ankle injury is sufficiently serious to warrant constitutional protection, plaintiff's allegations make it clear that defendants were not deliberately indifferent to plaintiff's need. The day after plaintiff's injury, plaintiff received pain medication, and three days after the injury, a nurse treated his ankle by wrapping it in a bandage. Furthermore, plaintiff's ankle was x-rayed and placed in a cast four days after his fall.

Plaintiff suggests that medical personnel deliberately delayed his treatment by failing to schedule additional medical appointments. Delay in providing an inmate with medically necessary surgery can amount to deliberate indifference. Webb v. Driver, 313 Fed. App'x 591 (4th Cir. 2008). However, an inadvertent failure to provide adequate medical care does not constitute an "unnecessary and wanton infliction of pain" and is not "repugnant to the conscience of mankind," and so does not amount to a violation of the Eighth Amendment, which instead requires a showing that the indifference was sufficiently egregious to offend "evolving standards of decency." Estelle, 429 U.S. at 105–06. Defendants did not fail to provide medically necessary treatment to plaintiff. Plaintiff received medication, a bandage for his ankle, an x-ray,

and a cast for his ankle within days of his fall. Therefore, defendants did not deliberately delay to treat plaintiff and did not violate the Eighth Amendment.

Finally, plaintiff suggests that medical personnel breached a duty by providing him with an "unprofessional" cast. However, disagreements with medical personnel about forms of treatment do not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). As it is apparent that medical personnel were not deliberately indifferent to plaintiff's medical needs "by either actual intent or reckless disregard," Estelle, 429 U.S. at 106, plaintiff fails to state a claim of constitutional dimension against defendants, and the claim accordingly will be dismissed pursuant to §1915A.

### IV. Pending Motions

Plaintiff has applied to proceed in forma pauperis and has moved for appointment of counsel. Because he has failed to state a claim upon which relief can be granted and his underlying claims will be dismissed pursuant to §1915A, his motions to proceed in forma pauperis and for appointment of counsel will be denied as moot.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's motion to appoint counsel (Docket #3) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff's motion to proceed in forma pauperis (Docket #2) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil action.

Entered this ___19th___ day of ___Sept.___ 2012.

Alexandria, Virginia

_____/s/_____
Gerald Bruce Lee
United States District Judge

---

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6